# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DERECK MEYER,<br><br>    Defendant. | No. CR11-4037-MWB<br><br>**ORDER REGARDING THE PROSECUTION'S APPEAL OF DETENTION ORDER**[1] |

## *I. INTRODUCTION AND BACKGROUND*

On March 24, 2011, defendant Dereck Meyer was charged in an indictment with possessing with intent to distribute 5 grams or more of pure methamphetamine within 1000 feet of a playground, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 860. On March 31, 2011, Chief United States Magistrate Judge Paul A. Zoss conducted a detention hearing pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq*. The prosecution presented no evidence at the detention hearing, relying exclusively on the information contained in the Pretrial Services Report and the statutory presumption found in 18 U.S.C. § 3142(e)(3)(A). The Pretrial Services Report recommended Meyer be released. At the conclusion of the detention hearing, Judge Zoss ordered Meyer released subject to certain terms and conditions. Judge Zoss orally found that the prosecution had not proved by a preponderance of the evidence that defendant Meyer represented a flight

---

[1] This order replaces, *nunc pro tunc*, the original order filed on April 18, 2011. This decision corrects an omission from a sentence on the second page of the original order.

risk. Judge Zoss made no express finding regarding the prosecution's burden to show by clear and convincing evidence that Meyer represents a danger to the community under any terms or conditions of release. On April 6, 2011, Judge Zoss modified Meyer's condition of release, requiring Meyer's participation in a mental health evaluation and/or treatment program. The prosecution appeals Judge Zoss's order of release pursuant to 18 U.S.C. § 3145(a) (Docket no. 12). The prosecution contends Meyer's pretrial release should be revoked and he should be detained pending trial because he poses a danger to the community and no condition or combination of conditions will assure the safety of the community.[2] On April 12, 2011, Meyer responded to the prosecution's motion, arguing that the prosecution's motion should be denied and his pretrial release affirmed.

## II. ANALYSIS
### A. Standard of Review

The prosecution may seek review of a magistrate judge's order of release before the district court pursuant to 18 U.S.C. § 3145(a). *See United States v. Cisneros*, 328 F.3d 610, 615-16 (10th Cir. 2003); *United States v. Webb*, 238 F.3d 426, 426 (6th Cir. 2000(unpublished table decision); *United States v. Torres*, 929 F.2d 291, 291 (7th Cir. 1991). This court conducts a *de novo* review of the magistrate judge's order. *See United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985) (*en banc*); *accord* Cisneros, 328 F.3d at 616 n.1; *United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir. 1992), *cert. denied*, 507 U.S. 940 (1993); *Torres*, 929 F.2d at 292; *United States v. Tortora*, 922 F.2d 880, 883 n.4 (1st Cir. 1990); *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir.

---

[2]The prosecution does not appeal Judge Zoss's determination that Meyer is not a flight risk.

1990); *United States v. Portes*, 786 F.2d 758, 761 (7th Cir. 1985); *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985); *United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985). The court independently makes its own *de novo* determination of the facts and the propriety of detention without deference to the magistrate judge's findings or conclusion. *Koenig*, 912 F.2d at 1192; *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987). The court may incorporate the record of the detention hearing conducted by the magistrate judge. *United States v. Chagra*, 850 F. Supp. 354, 357 (W.D. Pa. 1994). A district court, unlike a court of appeals, is equipped to explore and redetermine factual issues if that proves necessary. *Koenig*, 912 F.2d at 1192. Thus, the district court may conduct evidentiary hearings if "necessary or desirable," and the hearings are not limited to situations where new evidence is offered. *Koenig*, 912 F.2d at 1193.

### B. Statutory Framework

Under the Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq., the court must order a defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community." 18 U.S.C. § 3142(b), (c), and (e); *see United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *see also United States v. English*, 629 F.3d 311, 318 (2d Cir. 2011); *Cisneros*, 328 F.3d at 616.

At a detention hearing, the prosecution bears the burden of proof. The prosecution must prove risk of flight by a preponderance of the evidence, and dangerousness to any other person or the community by clear and convincing evidence. 18 U.S.C. § 3142(f)(2); *see Abad*, 350 F.3d at 797; *Cisneros*, 328 F.3d at 616. The court considers the following factors in making this determination:

3

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including-
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g); *see Abad*, 350 F.3d at 797; *see also English*, 629 F.3d at 319; *Cisneros*, 328 F.3d at 616.

Meyer's indictment for a drug offense under 21 U.S.C. § 841(b)(1)(B), gives rise to a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e); *see Abad*, 350 F.3d at 797. As the Eighth Circuit Court of Appeals has explained:

> "In a presumption case such as this, a defendant bears a limited burden of production-not a burden of persuasion-to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001). "Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not

4

> disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id*.

*Abad*, 350 F.3d at 797; *see English*, 629 F.3d at 319; *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010); *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985). At all times, the prosecution "'retains the ultimate burden of persuasion by clear and convincing evidence that a defendant presents a danger to the community,' and 'by the lesser standard of a preponderance of the evidence that the defendant presents a risk of flight.'" *English*, 629 F.3d at 319 (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)); *see Stone*, 608 F.3d at 946. The court considers the § 3142(g) factors in determining whether the presumptions of flight and dangerousness are rebutted. *See Mercedes*, 254 F.3d at 436.

## *C. Discussion*

The court finds that Meyer has met his burden of production to rebut the detention presumption. First, Meyer's mother, Pam Perez, testified that she was willing to have Meyer live with her and supervise his activities. The prosecution points out that Meyer was living with Perez at the time of the charged offense, and argues this fact does little to rebut the presumption. This argument ignores certain facts. Perez recently left her longtime restaurant manager position and will be off work for the next two and one-half to three months while awaiting her new restaurant manager position. Previously, Perez's manager position required her to work irregular hours, including nights and weekends. Perez's current circumstances will permit her to be at home more, allowing her consistent supervision of Meyer's activities. Second, and more important, Meyer has already demonstrated that he can be released without incident on the current charge. Meyer was arrested on his current offense on February 14, 2011, and charged in state court. He posted

bond and was released from custody. Meyer committed no violations while on bond and being supervised by his mother during the ensuing six weeks. The court finds that Meyer has met his burden of production to rebut the detention presumption. "Still, the presumption favoring detention does not disappear, but remains for consideration." *Asad*, 350 F.3d at 798. The court turns to consider the § 3142(g) factors.

Applying section 3142(g)'s factors, the court first considers the nature and circumstances of the offense charged and finds Meyer was indicted for a serious drug offense, possessing with intent to distribute 5 grams or more of pure methamphetamine within 1000 feet of a playground. The seriousness of this offense is reflected in the applicable penalty. Meyer faces a minimum of ten years in prison if convicted. The court finds that this factor weighs in favor of detention. *See United States v. Romo-Sanchez,* 170 F. Supp. 2d 1127, 1129 (D. Kan. 2001) (stating that "serious crimes involving drugs . . . favor detention"). The second factor, weight of the evidence, is nonexistent. No evidence was presented at the detention hearing concerning the evidence the prosecution has against Meyer. Therefore, this factors weighs against detention. Looking at the third factor, Meyer's history and characteristics, Meyer is 22 years old and a lifelong resident of Denison, Iowa. He currently lives with his mother and is enrolled full-time in Western Iowa Technical College's electrician program. He attends classes four days a week and will complete the program this summer. The prosecution emphasizes Meyer's criminal record. Meyer has twelve other arrests over the past four years. However, more then half of the charges against him were dismissed. He has misdemeanor convictions for trespass, interference with official acts, eluding, disorderly conduct, and assault causing bodily injury. He has a single felony conviction for burglarizing a vehicle. Meyer's numerous arrests and convictions are troubling. Yet, as noted previously, Meyer's mother is willing to supervise Meyer's activities and her current circumstances permit her to do so. Meyer

6

has committed no violations since his state arrest on the current charge, This demonstrates Meyer is amenable to following conditions for his release. The court finds that Meyer's personal information weighs against detention. Finally, looking at the fourth factor, the nature and seriousness of the danger to any person or the community that would be posed by Meyer's release, the danger to the community flows from the possibility Meyer will, if released, traffic in illicit drugs. *See United States v. Perry,* 788 F.2d 100, 111 (3d Cir. 1986)(danger to community arises from the likelihood that the defendant will, if released, "commit one of the proscribed federal offenses."). This danger's chances are lessened by the fact that Meyer has no previous drug arrests. It is further lessened by his mother's willingness to allow him to continue to stay with her and supervise his activities. Thus, the court finds that the fourth factor weighs slightly against detention.

Therefore, having reviewed the evidence from the detention hearing and conducted a d*e novo* review of the facts, the court concludes that the prosecution has failed to show, by clear and convincing evidence, that Meyer represents a danger to the community under any terms or conditions of release. The prosecution's motion is denied and Judge Zoss's order of release is affirmed.

**IT IS SO ORDERED.**

**DATED** this 18th day of April, 2011.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA